NOT DESIGNATED FOR PUBLICATION

No. 118,811

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN LAVON HENRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed July 13, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Stephen Henry appeals the district court's decision to revoke his probation and require him to serve his underlying prison sentence. Henry suggests that the district court should have given him another chance at probation rather than send him to prison.

But the district court found that Henry absconded from probation, and that gave the district court the option of sending Henry to serve his prison sentence instead of giving him another chance on probation. Given the factual circumstances presented to the district court, we find no abuse of discretion in its decision to revoke Henry's probation and require that he serve his prison sentence.

Henry was serving felony probation in 2014 when he was arrested and charged with new crimes. The State dropped all but one charge in exchange for Henry pleading no contest to one count of criminal threat. The district court then sentenced Henry to 12 months of probation and a 12-month underlying sentence that Henry would have to serve if he didn't successfully complete probation.

In May 2015, Henry was arrested after the State claimed Henry violated his probation by failing to report to his probation officer. The court held a probation-revocation hearing, where it ordered Henry to serve 12 days in jail, followed by 12 more months of probation. Several months after that, in March 2016, Henry was again arrested for failing to report. The district court ordered Henry to serve a longer jail sanction for his violation, followed by 12 more months of probation. Then in October 2017, Henry was arrested a third time after absconding. The district court found that Henry had absconded from his probation, revoked Henry's probation, and ordered him to serve his underlying sentence.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). K.S.A. 2017 Supp. 22-3716 now limits that discretion, but its provisions requiring an offender serve a series of intermediate sanctions before ordering the defendant to serve the underlying prison sentence do not apply if, among other things, the defendant has absconded from probation. See K.S.A. 2017 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 4, 348 P.3d 997 (2015). So if the district court properly found that Henry had absconded, it wouldn't have been required to impose other intermediate sanctions before revoking Henry's probation. We would then review its decision only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

2

We turn then to whether the court properly found that Henry had absconded, which means "to depart secretly or suddenly, especially to avoid arrest, prosecution, or service of process." *Huckey*, 51 Kan. App. 2d 451, Syl. ¶ 5. Henry's probation officer testified that she had told him to report to her within 24 hours of his release from serving his last jail sanction. Instead of doing that, Henry left town and made no contact with her. The probation officer tried two phone numbers Henry had given her, but one wasn't in service and the other wasn't accepting calls. Based on this, the prosecutor alleged Henry had absconded as a basis for revoking his probation and sending him to serve his prison sentence. Henry's attorney agreed, saying that the court could "give Mr. Henry [another intermediate sanction], or send him to prison." So we conclude that the district court's finding that Henry had absconded was supported by the evidence and not contested by Henry.

Since Henry had absconded, we review the district court's decision to revoke his probation only for abuse of discretion, and we find nothing unreasonable about the district court's decision here. Henry had many opportunities to successfully complete his probation. But after failing to do so, a reasonable person could conclude that Henry wasn't amenable to probation and that revoking his probation was appropriate.

On Henry's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Henry's probation.

We affirm the district court's judgment.

3